Hon. James A. Sommer Town Attorney, Pomfret
You have requested an opinion concerning the Town of Pomfret's authority to establish a sewer district that will serve Lily Dale Assembly and its resident members. Lily Dale Assembly is a religious corporation located in the Town of Pomfret. The Lily Dale Assembly owns property, some of which it rents to resident members. The residents hold 99-year leases and appear on the Town's tax roll with respect to the property they lease. The Lily Dale Assembly is currently subject to the imposition of fines and enforcement actions unless it complies with State and Federal orders to upgrade its private sewage system. The Town of Pomfret has received a petition signed by Lily Dale Assembly and its resident members for the creation of a sewage disposal district.
You have asked whether the creation of a sewer district that would serve only Lily Dale Assembly and its resident members would violate theFirst Amendment of the United States Constitution.
The First Amendment provides in pertinent part that "Congress shall make no law respecting an establishment of religion." The Establishment Clause has been made applicable to the States through the Fourteenth Amendment (Cantwell v Connecticut, 310 U.S. 296, 303 [1940]). The United States Supreme Court has articulated a tripartite test to determine whether particular State action violates the Establishment Clause. (See Lemon vKurtzman, 403 U.S. 602 [1971].) The test provides that State action does not contravene the Establishment Clause if "it has a secular legislative purpose, if its principal or primary effect neither advances nor inhibits religion, and if it does not foster an excessive government entanglement with religion" (Committee for Public Education v Regan, 444 U.S. 646, 653
[1980]). If State action is to pass constitutional muster, all three factors must be satisfied (Brandon v Board of Ed. of Guilderland,487 F. Supp. 1219, 1227 [ND, NY, 1980]).
In applying the first factor, it is clear that the creation of a sewer district has a secular legislative purpose. The Town provides sewer service to residents, not just residents having a religious affiliation with the Lily Dale Assembly. Moreover, the creation of a sewer district satisfies the third factor; a sewer district does not involve an excessive entanglement between government and religion. There would be no need for the Town of Pomfret to inspect the sewer system to insure that it was not being used to promote the sectarian purposes of the Lily Dale Assembly. (See Lemon v Kurtzman, supra.) Furthermore, the collection of assessments to cover the cost of the sewer district would not involve an excessive entanglement between government and religion. (For a discussion of excessive entanglement see, e.g., Meek v Pittenger, 421 U.S. 349
[1975]; Walz v Tax Commission of the City of New York, 397 U.S. 669
[1970].)
The second factor — that the primary effect neither advances nor inhibits religion — requires some elaboration. The United States Supreme Court, in discussing "the primary effect" factor has explained:
 "The crucial question is not whether some benefit accrues to a religious institution as a consequence of the legislative program, but whether its principal or primary effect advances religion." Tilton v Richardson, 403 U.S. 672, 679 (1971).
The creation of a sewer district to provide service to Lily Dale Assembly and its resident members does not have the primary effect of advancing religion. Rather, the primary effect will be to provide adequate sewer service to town residents who are incidentally a religious corporation and its resident members.
The United States Supreme Court has stated that aid may have a primary effect of advancing religion "when it flows to an institution in which religion is so pervasive that a substantial portion of its functions are subsumed in the religious mission" (Hunt v McNair, 413 U.S. 734, 743
[1973]). Although Lily Dale Assembly is an organization with pervasive sectarian concerns, providing a sewer district is not aid to the institution which will be "subsumed in the religious mission".
In Clayton v Kervick (56 N.J. 523, 267 A.2d 503 [1970], judgment vacated and remanded for reconsideration on other grounds, 403 U.S. 945 [1971]; on remand, 59 N.J. 583, 285 A.2d 11 [1971]), the Court stated:
 "No one suggests the State must withhold such general services as police or fire protection, even though the property is exempted from general taxation because of its sectarian use * * * [I]f the State may thus provide services to a purely sectarian interest when the supporting revenues are obtained by general taxation of the property of others, it should follow that governmental services sustained by revenues paid by the users may be offered to sectarian institutions for a like charge. Surely a government which sells water or electricity to the secular consumer may do business with a church upon the same basis." (267 A.2d at 506)
We are of the opinion that the creation of a sewer district to provide service to Lily Dale Assembly and its resident members would not violate the First Amendment of the United States Constitution (see Walz v TaxCommission of City of New York, supra, at pp 669-673 [providing police and fire protection to sectarian institution does not violate Establishment Clause (dictum)]).
You have also asked whether the petition should be for a sewer district instead of a sewage disposal district and whether leaseholders are proper signers of the petition for creation of a sewer district. The petition should seek the creation of a sewer district rather than a sewage disposal district. See Town Law, § 190-b. Section 190 of the Town Law provides that a town board may establish a sewer district upon the submission of a petition. The petition must be signed by the owners of at least one-half of the assessed valuation of all taxable real property located in the proposed district (Town Law, § 191). The statute does not authorize leaseholders to sign a petition to establish a sewer district. Therefore, Lily Dale Assembly, which is the sole owner of taxable real property in the proposed district, must sign the petition.
Finally you have asked whether the value of the property owned by the Lily Dale Assembly that is otherwise exempt from real property taxes should be considered in the petition. Since we have determined that the Lily Dale Assembly is the only one in the proposed district that can sign a petition to create a sewer district, there is no need to distinguish between exempt and nonexempt portions of its property.
We conclude that the creation of a sewer district that will provide service to Lily Dale Assembly and its resident members does not violate the First Amendment of the United States Constitution. We also conclude that the petition should request the creation of a sewer district rather than a sewage disposal district and that Lily Dale Assembly, as the sole owner of taxable real property in the proposed district, should sign the petition rather than the resident leaseholders.